# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| HANCOCK WHITNEY BANK, a Mississippi state chartered Bank, f/k/a WHITNEY BANK, a Mississippi state chartered Bank, formerly known as HANCOCK BANK, a Mississippi state chartered Bank, <br><br>  Plaintiff, <br><br> v. <br><br> RAP, L.L.C., an Alabama Limited Liability Company, CHARLES O. HON, IV, SARAH B. HON, DAVID R. BARNETT, MARY B. BARNETT, THOMAS B. BENDER, JR., and DINA G. BENDER, <br><br>  Defendants. | ) ) ) ) ) ) ) ) CIVIL ACTION NO.  1:20-cv-00254 ) ) ) ) ) ) ) ) ) ) |

## COMPLAINT

Comes now Plaintiff Hancock Whitney Bank, a Mississippi state chartered Bank, formerly known as Whitney Bank, a Mississippi state chartered Bank, formerly known as Hancock Bank, a Mississippi state chartered Bank ("Hancock Whitney Bank") and institutes this action against Defendants RAP, L.L.C., an Alabama Limited Liability Company ("RAP"), Charles O. Hon, IV, Sarah B. Hon, David R. Barnett, Mary B. Barnett, Thomas B. Bender, Jr., and Dina G. Bender, alleging as follows:

## PARTIES

1. Hancock Whitney Bank is a Mississippi state chartered Bank with its principal place of business in the State of Mississippi.

2. Upon information and belief, Defendant RAP is an Alabama Limited Liability Company with its principal place of business in Mobile County, Alabama.

3. Upon information and belief, the members of RAP are Charles O. Hon, IV, Sarah B. Hon, David R. Barnett, Mary B. Barnett, Thomas B. Bender, Jr., and Dina G. Bender.

4. Upon information and belief, Charles O. Hon, IV, is an individual over the age of nineteen years, a personal guarantor of certain indebtedness of RAP, and a citizen of Mobile County, Alabama.

5. Upon information and belief, Sarah B. Hon, is an individual over the age of nineteen years, a personal guarantor of certain indebtedness of RAP, and a citizen of Mobile County, Alabama.

6. Upon information and belief, David R. Barnett, is an individual over the age of nineteen years, a personal guarantor of certain indebtedness of RAP, and a citizen of Mobile County, Alabama.

7. Upon information and belief, Mary B. Barnett, is an individual over the age of nineteen years, a personal guarantor of certain indebtedness of RAP, and a citizen of Mobile County, Alabama.

8. Upon information and belief, Thomas B. Bender, Jr., is an individual over the age of nineteen years, a personal guarantor of certain indebtedness of RAP, and a citizen of Mobile County, Alabama.

9. Upon information and belief, Dina G. Bender, is an individual over the age of nineteen years, a personal guarantor of certain indebtedness of RAP, and a citizen of Mobile County, Alabama.

## VENUE AND JURISDICTION

10. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Hancock Whitney Bank and Defendants, and the amount in controversy is in excess of $75,000.00, exclusive of interest and costs.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2) because (i) all Defendants are residents of the State of Alabama and at least one Defendant is a resident of Mobile County, Alabama, which is encompassed by the Southern District of Alabama; (ii) the loans and guaranties at issue were accepted by Hancock Whitney Bank in Mobile County, Alabama; and (iii) the loans were due and payable in Mobile County, Alabama.

## FACTUAL ALLEGATIONS

### I. Loan No. 00731698700100

12. On March 8, 2004, RAP executed and delivered to Hancock Whitney Bank a Promissory Note, Loan No. 00731698700100, in the original principal amount of $682,400.00 (the "March 8, 2004 Note"). The March 8, 2004 Note was subsequently renewed on August 7, 2009, September 15, 2010, and October 24, 2013, respectively.

13. On November 15, 2013, March 8, 2004 Note was renewed by RAP, which executed and delivered to Hancock Whitney Bank a Promissory Note in the principal amount of $388,273.79 (the "November 15, 2013 Note"). A true and correct copy of the November 15, 2013 Note is attached hereto as Exhibit A and is incorporated herein.

14. On February 13, 2014, RAP executed and delivered a Change in Terms Agreement to Hancock Whitney Bank (the "February 13, 2014 Agreement"). The February 13, 2014 Agreement extended the maturity date of the November 15, 2013 Note from January 15, 2014 to

February 13, 2021 and modified the interest rate.  A true and correct copy of the February 13, 2014 Agreement is attached hereto as Exhibit B and is incorporated herein.

15. The November 15, 2013 Note and the February 13, 2014 Agreement provide as follows:

> **DEFAULT.**  Each of the following shall constitute an event of default under this Agreement:
>
>> **Payment Default.**  Borrower fails to make any payment when due under the indebtedness.
>>
>> **Other Defaults.**  Borrower fails to comply with or perform any other term, obligation, covenant or condition contained in this Agreement or in any of the Related Documents or to comply with or to perform any term, obligation, covenant or condition contained in any other agreement between Lender and Borrower.
>>
>> **Adverse Change.**  A material adverse change occurs in the Borrower's financial condition, or Lender believes the prospect of payment or performance of the Indebtedness is impaired.
>
> . . .
>
> **ADDITIONAL DEFAULTS AND ACCELERATION.**  In addition to the Events of Default set forth above, Lender shall have the right, at its sole option, to insist upon immediate payment (to accelerate the maturity) of this Note should any type of lien, judgment, levy, seizure, garnishment, tax lien, or court order occur affecting any assets of Borrower, or any guarantor, surety or accommodation party (or any one of them) on this Note.

16. The November 15, 2013 Note and the February 13, 2014 Agreement were secured by, among other things, a Mortgage on certain real property commonly known as 701 and 651 South Royal Street, Mobile, Alabama 36601.  Upon information and belief, certain property securing the November 15, 2013 Note and the February 13, 2014 Agreement became subject to a tax lien and was sold for taxes in 2015.

17. RAP defaulted on its obligations to Hancock Whitney Bank in connection with the November 15, 2013 Note and the February 13, 2014 Agreement when it failed to make payments

to Hancock Whitney Bank required under the November 15, 2013 Note and the February 13, 2014 Agreement.

18. RAP has not paid its indebtedness to Hancock Whitney Bank in connection with the November 15, 2013 Note and the February 13, 2014 Agreement.

19. RAP also defaulted on its obligations to Hancock Whitney Bank in connection with the November 15, 2013 Note and the February 13, 2014 Agreement when it allowed certain property securing the November 15, 2013 Note and the February 13, 2014 Agreement to become subject to a tax lien and to be sold for taxes.

20. As of May 1, 2020, RAP was indebted to Hancock Whitney Bank pursuant to the November 15, 2013 Note and the February 13, 2014 Agreement as follows:

        Unpaid Principal Balance:    $99,642.84
        Accrued Interest               $2,218.64
        Late Fees                     $9,916.37

21. Therefore, as of May 1, 2020, the total amount of principal, unpaid interest, and late charges owed by RAP under the November 15, 2013 Note and the February 13, 2014 Agreement was $111,687.85. This indebtedness increases each day by per diem interest in the amount of $12.46.

22. The November 15, 2013 Note and the February 13, 2014 Agreement further provide that:

> **ATTORNEYS' FEES; EXPENSES.** Lender may hire or pay someone else to help collect this Agreement if Borrower does not pay. Borrower will pay Lender that amount. This includes, subject to any limits under applicable law, Lender's attorneys' fees and Lender's legal expenses whether or not there is a lawsuit, including attorneys' fees and expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), appeals, and any anticipated post-judgment collection services. If not prohibited by applicable law, Borrower will also pay any court costs, in addition to all sums provided by law.

**II.     Loan No. 00033101305248**

23.     On September 12, 2016, RAP executed and delivered to Hancock Whitney Bank a Promissory Note, Loan No. 00033101305248, in the original principal amount of $125,000.00 (the "September 12, 2016 Note"). At true and correct copy of the September 12 Note is attached hereto as Exhibit C and is incorporated herein.

24.     The September 12, 2016 Note provides as follows:

**DEFAULT.** Each of the following shall constitute an event of default under this Agreement:

> **Payment Default.** Borrower fails to make any payment when due under the indebtedness.
>
> **Other Defaults.** Borrower fails to comply with or perform any other term, obligation, covenant or condition contained in this Agreement or in any of the Related Documents or to comply with or to perform any term, obligation, covenant or condition contained in any other agreement between Lender and Borrower.
>
> **Adverse Change.** A material adverse change occurs in the Borrower's financial condition, or Lender believes the prospect of payment or performance of the Indebtedness is impaired.

. . .

**ADDITIONAL DEFAULTS AND ACCELERATION.** In addition to the Events of Default set forth above, Lender shall have the right, at its sole option, to insist upon immediate payment (to accelerate the maturity) of this Note should any type of lien, judgment, levy, seizure, garnishment, tax lien, or court order occur affecting any assets of Borrower, or any guarantor, surety or accommodation party (or any one of them) on this Note.

25.     The September 12, 2016 Note was secured by, among other things, a Mortgage on certain real property commonly known as 701 and 651 South Royal Street, Mobile, Alabama 36601. Upon information and belief, certain property securing the September 12, 2016 Note became subject to a tax lien and was sold for taxes in 2015.

26. The indebtedness of RAP pursuant to the September 12, 2016 Note matured and became fully due and payable on September 12, 2019 in accordance with its terms.

27. RAP has failed to pay its indebtedness to Hancock Whitney Bank pursuant to the September 12, 2016 Note and, therefore, has defaulted under the terms of the September 12, 2016 Note.

28. RAP also defaulted on its obligations to Hancock Whitney Bank in connection with the September 12, 2016 Note when it allowed certain property securing the September 12, 2016 Note to become subject to a tax lien and to be sold for taxes.

29. As of May 1, 2020, RAP was indebted to Hancock Whitney Bank pursuant to the September 12, 2016 Note as follows:

| | |
|---|---|
| Unpaid Principal Balance: | $107,529.88 |
| Accrued Interest | $1,971.35 |
| Late Fees | $99.32 |

30. Therefore, as of May 1, 2020, the total amount of principal, unpaid interest, and late charges owed by RAP under the September 12, 2016 Note was $109,600.55. This indebtedness increases each day by per diem interest in the amount of $14.94.

31. The September 12, 2016 Note further provides that:

**ATTORNEYS' FEES; EXPENSES.** Lender may hire or pay someone else to help collect this Agreement if Borrower does not pay. Borrower will pay Lender that amount. This includes, subject to any limits under applicable law, Lender's attorneys' fees and Lender's legal expenses whether or not there is a lawsuit, including attorneys' fees and expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), appeals, and any anticipated post-judgment collection services. If not prohibited by applicable law, Borrower will also pay any court costs, in addition to all sums provided by law.

**III.    Guaranties**

32. On August 7, 2009, Defendants Charles O. Hon, IV, Sarah B. Hon, David R. Barnett, Mary B. Barnett, Thomas B. Bender, Jr. and Dina G. Bender (collectively referred to as

the "Guarantors") "absolutely and unconditionally" the indebtedness of RAP to Hancock Whitney Bank, which included "all of the principal amount outstanding from time to time and at any one or more times, accrued unpaid interest thereon and all collection costs and legal expenses related thereto permitted by law, attorneys' fees, arising from any and all debts, liabilities and obligations of every nature or form, now existing or hereafter arising or acquired, that Borrower individually or collectively or interchangeably with others, owes or will owe Lender." True and correct copies of the August 7, 2009 Guaranties are attached hereto as Exhibit D and are incorporated herein.

33. The August 7, 2009 Guaranties also provide that they "will take effect when received by Lender . . . and will continue in full force until all the Indebtedness incurred or contracted before receipt by Lender of any notice of revocation shall have been fully and finally paid and satisfied and all of Guarantor's other obligations under this Guaranty shall have been performed in full."

34. The indebtedness of RAP has not been fully and finally paid and satisfied, as described above, and the Guarantors have not given notice of their revocation of the August 7, 2009 Guaranties.

35. The August 7, 2009 Guaranties further provide:

**Attorneys Fees; Expenses.** Guarantor agrees to pay upon demand all of Lender's costs and expenses, including Lender's attorneys' fees and Lender's legal expenses, incurred in connection with the enforcement of this Guaranty. Lender may hire or pay someone else to help enforce this Guaranty, and Guarantor shall pay the costs and expenses of such enforcement. Costs and expenses include Lender's attorneys' fees and legal expenses whether or not there is a lawsuit, including attorneys' fees and legal expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), appeals, and any anticipated post-judgment collections services. Guarantor shall also pay all court costs and such additional fees as may be directed by the court.

## FIRST CAUSE OF ACTION
## Breach of Contract by Defendant RAP – November 15, 2013 Note
## and the February 13, 2014 Agreement

36. Plaintiff incorporates and re-alleges the allegations set forth in Paragraphs 1 through 35 of its Complaint as if fully set forth herein.

37. The November 15, 2013 Note and the February 13, 2014 Agreement were valid and binding contracts.

38. RAP breached the November 15, 2013 Note and the February 13, 2014 Agreement by failing to repay its indebtedness pursuant to the terms of the November 15, 2013 Note and the February 13, 2014 Agreement.

39. RAP also breached the November 15, 2013 Note and the February 13, 2014 Agreement when it allowed certain property securing the November 15, 2013 Note and the February 13, 2014 Agreement to become subject to a tax lien and to be sold for taxes.

40. As of May 1, 2020, the outstanding amount owed to Hancock Whitney Bank pursuant to the November 15, 2013 Note and the February 13, 2014 Agreement is $111,687.85, which consists of $99,642.84 in principal; $2,128.64 in accrued interest; and late fees in the amount of $9,916.37. As of the date of this Complaint, interest continues to accrue at a rate of $12.46 per day.

41. Hancock Whitney Bank also continues to incur damages as a result of RAP's breach of the November 15, 2013 Note and the February 13, 2014 Agreement, including, but not limited to attorneys' fees and costs of collection.

Wherefore, premises considered, Hancock Whitney Bank demands judgment against Defendant RAP, L.L.C. for all sums owed under the November 15, 2013 Note and the February 13, 2014 Agreement, including, without limitation, all principal, unpaid accrued interest, late fees,

penalties, attorneys' fees, Court costs, and other costs of collection. Hancock Whitney Bank also seeks such other, further and additional relief as this Court may deem just and proper.

## SECOND CAUSE OF ACTION
### Breach of Contract by Defendant RAP – September 12, 2016 Note

42. Plaintiff incorporates and re-alleges the allegations set forth in Paragraphs 1 through 41 of its Complaint as if fully set forth herein.

43. The September 12, 2016 Note was a valid and binding contract.

44. RAP breached the September 12, 2016 Note by failing to repay its indebtedness pursuant to the terms of the September 12, 2016 Note.

45. RAP also breached t the September 12, 2016 Note when it allowed certain property securing the September 12, 2016 Note to become subject to a tax lien and to be sold for taxes.

46. As of May 1, 2020, the outstanding amount owed to Hancock Whitney Bank pursuant to September 12, 2016 Note is $109,600.55, which consists of $107,529.88 in principal; $1,971.35 in accrued interest; and late fees in the amount of $99.32. As of the date of this Complaint, interest continues to accrue at a rate of $14.94 per day.

47. Hancock Whitney Bank also continues to incur damages as a result of RAP's breach of the September 12, 2016 Note, including, but not limited to attorneys' fees and costs of collection.

Wherefore, premises considered, Hancock Whitney Bank demands judgment against Defendant RAP, L.L.C. for all sums owed under the September 12, 2016 Note, including, without limitation, all principal, unpaid accrued interest, late fees, penalties, attorneys' fees, Court costs, and other costs of collection. Hancock Whitney Bank also seeks such other, further and additional relief as this Court may deem just and proper.

## THIRD CAUSE OF ACTION
### Breach of Contract by Defendants Charles O. Hon, IV, Sarah B. Hon, David R. Barnett, Mary B. Barnett, Thomas B. Bender, Jr., and Dina G. Bender – August 7, 2009 Guaranties

48.     Plaintiff incorporates and re-alleges the allegations set forth in Paragraphs 1 through 47 of its Complaint as if fully set forth herein.

49.     The August 7, 2009 Guaranties were valid and binding contracts.

50.     RAP has defaulted on its debts, liabilities, and obligations under the November 15, 2013 Note, the February 13, 2014 Agreement, and the September 12, 2016 Note.

51.     The indebtedness of RAP has not been fully and finally paid and satisfied and the Guarantors have not given notice of their revocation of the August 7, 2009 Guaranties.

52.     The Guarantors breached the August 7, 2009 Guaranties by failing to satisfy the indebtedness they guaranteed in the August 7, 2009 Guaranties, which included all amounts owed by RAP to Hancock Whitney Bank pursuant to the November 15, 2013 Note, the February 13, 2014 Agreement, and the September 12, 2016 Note.

53.     Hancock Whitney Bank also continues to incur damages as a result of the Guarantors' breach of the August 7, 2009 Guaranties, including, but not limited to attorneys' fees and costs of collection.

Wherefore, premises considered, Hancock Whitney Bank demands judgment against Defendants Charles O. Hon, IV, Sarah B. Hon, David R. Barnett, Mary B. Barnett, Thomas B. Bender, Jr., and Dina G. Bender for all sums owed under the August 7, 2009 Guaranties, including, without limitation, all principal, unpaid accrued interest, late fees, penalties, attorneys' fees, Court costs, and other costs of collection.  Hancock Whitney Bank also seeks such other, further and additional relief as this Court may deem just and proper.

Dated: May 1, 2020	Respectfully submitted,

        ARMBRECHT JACKSON LLP
        Post Office Box 290
        Mobile, Alabama 36601
        Telephone:(251) 405-1300
        Facsimile: (251) 432-6843

        By:   *s/ Timothy A. Heisterhagen*
            Timothy A. Heisterhagen (HEIST0290)
            tah@ajlaw.com

*Attorneys for Plaintiff Hancock Whitney Bank, a Mississippi state chartered Bank, formerly known as Whitney Bank, a Mississippi state chartered Bank, formerly known as Hancock Bank, a Mississippi state chartered Bank*

DEFENDANTS TO BE SERVED BY CERTIFIED MAIL RETURN RECEIPT REQUESTED AT THE FOLLOWING ADDRESSES:

RAP, L.L.C.
c/o David R. Barnett
3217 Venetia Road
Mobile, Alabama 36605

David R. Barnett
3217 Venetia Road
Mobile, Alabama 36605

Mary B. Barnett
3217 Venetia Road
Mobile, Alabama 36605

Thomas B. Bender, Jr.
2602 Venetia Road
Mobile, Alabama 36605

Dina G. Bender
2602 Venetia Road
Mobile, Alabama 36605

Charles O. Hon, IV
300 Carmel Drive E
Mobile, Alabama 36608

Sarah B. Hon
300 Carmel Drive E
Mobile, Alabama 36608